UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patrick William Carey,　　　　　　　　　　　　　　Civ. No. 10-3401 (PAM/AJB)
　　　　　　　　Petitioner,

v.　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Joan Fabian, Commissioner of
Corrections, and Becky Dooley,
Warden,
　　　　　　　　Respondents.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan dated August 19, 2010. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action with prejudice. Petitioner filed a timely objection to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

A fully detailed factual background was set forth in the R&R. Petitioner presented no factual challenges in his objection, and thus the Court will provide only a brief overview of salient facts.

In December 2004, Petitioner was sentenced by Ramsey County District Court to 144 months in state prison, followed by an 86 month sentence that was stayed. Petitioner did not

file a direct appeal, but instead filed a post-conviction motion in June 2007 pursuant to Minn. Stat. § 590.01 et seq. Carey v. State, 765 N.W.2d 396 (Minn. App. 2009). The trial court denied Petitioner's motion, and the court of appeals affirmed. The Minnesota Supreme Court ultimately denied Petitioner's application for review on August 11, 2009. Petitioner then filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on August 10, 2010.

**DISCUSSION**

Under 28 U.S.C. § 2244(d)(1), "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The statute of limitations begins to run at the latest date on which one of the following occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

As the R&R concluded, the only relevant subsection in this case is § 2244(d)(1)(A); namely, the date on which the judgment became final. Petitioner failed to file a direct appeal; pursuant to the Minnesota Rules of Criminal Procedure, he had 90 days from the entry of final judgment to do so. Minn. R. Crim. P. 28.02 subdiv. 4(3). Petitioner's deadline for seeking direct appellate review was March 14, 2005; therefore, his deadline for seeking habeas relief in federal court was March 14, 2006.

Pursuant to § 2244(d)(2), had Petitioner filed his post-conviction motion between March 14, 2005 and March 14, 2006, the statute of limitations would have been tolled pending the outcome of that motion. But Petitioner did not do so; as indicated above, Petitioner filed his post-conviction motion in June 2007—more than a year after the statute of limitations had expired on federal habeas relief. Petitioner argues in his objection to the R&R that this Court should find that, despite the fact that he did not file his motion until June 2007, Petitioner's action was "pending" during the entirety of the interim period and thus the statute of limitations was tolled under § 2244(d)(2). This construction is untenable; an action cannot be said to be "pending" until it has been filed with the appropriate court. Because Petitioner failed to file his post-conviction motion in state court before the statute of limitations had run, § 2244(d)(2) is of no help to him. Thus, Petitioner's habeas corpus petition is time-barred and must be denied.[1]

---

[1] Although not addressed in Petitioner's objection, this Court also finds convincing the Magistrate Judge's analysis on equitable tolling and thus adopts the R&R's reasoning on that point.

Finally, an applicant for a writ of habeas corpus may not take an appeal unless a judge issues a Certificate of Appealability ("COA") under 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22. A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

The Court concurs with the R&R that nothing is noteworthy about this case that warrants appellate review. Indeed, Petitioner argues solely for a different construction of the statute in question—a construction that would wholly gut the statute's efficacy. The construction articulated by this Court is commensurate with the statute's plain meaning and does nothing to deprive Petitioner of his constitutional rights. Thus, Petitioner has failed to make a substantial showing of a denial of a constitutional right, and a COA must be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Docket No. 5) is **ADOPTED**;
2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. This matter is **DISMISSED with prejudice**; and

4. A Certificate of Appealability is **DENIED**.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, September 8, 2010

                                                *s/ Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge